UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CENTURY SURETY COMPANY,

        *Plaintiff*,

v.                                    CASE NO. 9:21-CV-81935-AMC

ALL AMERICAN LUBE OF BOCA, INC.
d/b/a ALL AMERICAN AUTO REPAIR and
DEAN FORMICA,

        *Defendants*.

_____/

## ALL AMERICAN LUBE OF BOCA, INC.'S MOTION FOR ATTORNEY'S FEES

Defendant, All American Lube of Boca, Inc. d/b/a All American Auto Repair ("All American"), pursuant to Fed. R. Civ. P. 54, S.D. Fla. L.R. 7.3, and Fla. Stat. § 626.9373, moves this Court for entry of an Order awarding reasonable attorney's fees against Plaintiff, Century Surety Company as All American is the prevailing party following the dismissal of Century's declaratory judgment action.

## BACKGROUND

This is an insurance coverage dispute arising out of an underlying wrongful death claim. On or about January 24, 2021, Dean Formica went to All American to repair an alleged wobbly car tire. [D.E. 1] at ¶ 11. All American allegedly performed a tire mount and balance on Mr. Formica's car. *Id.* at ¶ 12. On the same day, Mr. Formica crashed into a tree, ultimately succumbing to his injuries. *Id.* at ¶ 13. All American sought coverage under Century's Commercial Garage liability policy. On May 26, 2021, Century appointed the law firm of Dean, Ringers, Morgan & Lawton, P.A., as counsel on behalf of All American in defense of the Claim. On June 22, 2021, Century issued a reservation of rights letter informing All American that it retained counsel to

represent All American in defense of the Claim and reserved its rights to deny coverage based on the Tire Exclusion.[1] *See* Century's Reservation of Rights Letter, attached as Exhibit A. On August 23, 2021, the Estate of Mr. Formica sent a twenty-day time limit demand for settlement to All American. ("Underlying Claim"). *Id.* At ¶ 11. Century denied any indemnity obligation. This lawsuit followed.

## **PROCEDURAL HISTORY**

On October 19, 2021, Century filed its Complaint seeking declaratory relief as to its obligations to defend and indemnify All American based on the Underlying Claim. [D.E. 1]. The lawsuit named Mr. Formica as the defendant despite Century's knowledge that Mr. Formica had passed away. *Id.* On October 2, 2021, the Court entered an Order Requiring Combined Responses

---

[1] The tire exclusion provides that the insurance does not apply to:
**Tires**
a. "Bodily injury" or "property damage" arising out of, or alleged to arise out of:
**(1)** The sale, installation or repair of any used, recapped or retread tires; or
**(2)** Any tire that, at the time of sale, is older than recommended by manufacturer's guidelines; or
**(3)** Any tire that has been recalled; or
**(4)** The inspection or lack of inspection of any tire; or
**(5)** The failure of any "insured" or anyone else for whom any "insured" is or could be held liable to issue warnings relating to the condition of any tire; or
**(6)** Any other cause of action or chain of events that includes any of the items **a. (1)**, through **a. (5)** above.
This exclusion applies even if the claims against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that "insured", if the "accident" which caused the "bodily injury" or "property damage", arose out of, or was alleged to arise out of any of the items **a. (1)**, through **a. (6)** above.

b. We shall have no duty to defend of indemnify any claim, demand, "suit", action, litigation, arbitration, alternative dispute resolution, or other judicial or administrative proceeding seeking damage, equitable relief or administrative relief of any actual or alleged injury that arose out of any of the items **a. (1)**, through **a. (6)** above.

to Century's Complaint. [D.E. 6].  On December 15, 2021, the Court entered an Order directing Century to serve process on defendants by January 17, 2021. [D.E. 7]. On the same date, All American's counsel entered its appearance [D.E. 8-9] and filed All American's Corporate Disclosure Statement. [D.E. 10]. On January 14, 2022, Century filed a Motion for Extension of Time to Perfect Service of Process on Mr. Formica because a personal representative had not yet been appointed to administer the Formica Estate. [D.E. 11]. On January 15, 2022, the Court granted Century's Motion for Extension of Time. [D.E. 12].

On March 18, 2022, Century filed another Motion for Extension of Time to Perfect Service of Process on Dean Formica or, in the Alternative, to Administratively Close Case Pending Appointment of a Personal Representative because the Formica Estate had not been formally opened yet and a personal representative had not been appointed. [D.E. 13]. The parties conferred prior to the filing of Century's Motion and the undersigned counsel objected to administratively closing the case. On March 21, 2022, the Court entered an Order Staying the Case Pending Appointment of Personal Representative and directing Century to file a status report every sixty (60) days on the status of the appointment of a Personal Representative for Mr. Formica. [D.E. 14]. On May 20, July 19, and August 19, 2022, Century filed its Status Reports. [D.E. 15-17].  In each Status Report Century stated that an Estate on behalf of Mr. Formica had not been opened and counsel on behalf of Mr. Formica was not responding to Century's inquiries.

On or about September 20, 2022, the undersigned counsel contacted Century to confer before filing a motion to dismiss.[2] Century offered to dismiss the action if All American agreed to

---

[2] In all cases arising under the Declaratory Judgment Act, the threshold question is whether a justiciable controversy exists. *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 272 (1941); *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus,* 931 F.2d 744, 747 (11th Cir. 1991). The facts alleged must show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

bear its own fees, or in the alternative, suggested that All American file a motion to dismiss. Century ultimately filed a Notice of Voluntary Dismissal Without Prejudice. [D.E. 18]. All American now seeks an order establishing All American's entitlement to attorney's fees and determining the amount of attorney's fees and costs owed by Century.

## ALL AMERICAN'S ENTITLEMENT TO FEES

Florida law provides that where an insured prevails against his or her insurer, "the trial court . . . *shall* adjudge or decree against the insurer and in favor of the insured…a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the lawsuit for which recovery is awarded." Fla. Stat. § 626.9373 (emphasis added). A court does not have to make a coverage determination or issue a money judgment in favor of the insured for the insured to be deemed as the prevailing party. *Prime Ins. Syndicate, Inc. v. Soil Tech., Inc.*, 270 F. App'x 962, 964 (11th Cir. 2008) (citing *Roberts v. Cater*, 350 So. 2d 78, 79 n.6 (Fla. 1977)); *Rodriguez v. Gov't Employees Ins. Co*., 80 So. 3d 1042, 1044-45 (Fla. 4th DCA 2011). The law functions to "penalize a carrier for wrongly causing its insured to resort to litigation to resolve a conflict." *Leaf v. State Farm Mut. Auto Ins. Co.*, 544 So. 2d 1049, 1050 (Fla. 4th DCA 1989).

---

*Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.,* 68 F.3d 409, 414 (11th Cir. 1995). "Absent a redressable injury, a judicial determination of plaintiff's claim would amount to an advisory opinion prohibited by Article III's case and controversy requirement." *Glen v. Club Mediterranee, S.A.,* 365 F. Supp. 2d 1263, 1272 (S.D. Fla. 2005) (citing *Church v. City of Huntsville,* 30 F.3d 1332, 1335 (11th Cir. 1994)). "Accordingly, if a declaratory judgment action fails to meet the Article III case and controversy requirement—including the requirement that the action be ripe for review—it must be dismissed for want of jurisdiction." *James River Ins. Co. v. Cantrell*, No. 6:19-CV-1398-ORL-41LRH, 2020 WL 3035237, at *1 (M.D. Fla. Mar. 26, 2020) (citing *Digital Props., Inc. v. City of Plantation,*121 F.3d 586, 589 (11th Cir. 1997)). At the time Century filed this action, the Formica Estate has not been formed. Knowing that it could not proceed with this lawsuit without the Estate being formed, Century was forced to dismiss its action.

All American prevailed against Century when: (1) the action was dismissed; and/or (2) Century no longer sought a declaration as to its duty to defend thus conferring a benefit on All American in the form of defense work for the Underlying Claim.

"Florida law is pellucid that . . . an insurer's decision to *voluntarily* dismiss its case constitutes a 'judgment' for the insured for purposes of the fee-shifting statute." *Atain Specialty Ins. Co. v. Henry's Carpet & Interiors*, *Inc*., 564 F. Supp. 3d 1265, 1270 (S.D. Fla. 2021) (emphasis in original); *See also Kinsale Ins. Co. v. Best Wellness USA, LLC*, No. 21-61867-CIV, 2022 WL 3353398, at *2 (S.D. Fla. Aug. 15, 2022) (citing to *Henry's* and holding that "[c]ourts within this District and Florida state courts have held that voluntary dismissals and dismissals without prejudice entitle the insured to an award of attorneys' fees under § 626.9373.").[3] This analysis applies regardless of whether the action is dismissed with or without prejudice.[4] *See Best Wellness*

---

[3] Surplus lines insurers are subject to § 626.9373, which "is nearly identical to the attorney's fees provision found in § 627.428." *Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-CV-22774, 2016 WL 5795122, at *2 (S.D. Fla. Sept. 12, 2016), *report and recommendation adopted*, No. 14-CV-22774, 2016 WL 5661633 (S.D. Fla. Sept. 30, 2016); Fla. Stat. § 626.9373 (nearly verbatim language as § 627.428, with the only difference being applicability to "surplus lines insurer"); *Capital Specialty Ins. Corp. v. Ortiz*, No. 17-23329, 2019 WL 383868 at * 3 (S.D. Fla. Jan. 15, 2019) (Torres, Mag), *report and recommendation adopted* 2019 WL 367916 (S.D. Fla. Jan. 30, 2019) ("the language in the statutes are nearly identical and … courts apply the two fee provisions in the same way.").

[4] The Southern District of Florida has held that when a court dismisses without prejudice an insurer's declaratory judgment action, the insured is entitled to attorney's fees under Florida Statutes Section 627.428(1). *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc.*, No. 10-60273-CV, 2011 WL 13214289, at *2 (S.D. Fla. Aug. 22, 2011), *report and recommendation adopted*, No. 10-60273-CV, 2011 WL 13214290 (S.D. Fla. Sept. 13, 2011). Although this action was not dismissed, All American suspects Century will argue that since the dismissal is without prejudice then fees should not be awarded. But section 627.428(1) provides that *any* judgment against an insurer, in favor of an insured, entitles the insured to recover its attorney's fees. *Id.* (emphasis added); *See also Prime Ins. Syndicate, Inc.*, 270 Fed. Appx. at 964 (rejecting the argument that the insured must succeed on the merits, noting that "by its very terms, the statute does not require [this]"); *Arch Specialty Ins. Co. v. Highlands at Hunter's Green Condo. Ass'n, Inc.*, No. 8:19-CV-1971-T-23SPF, 2021 WL 1795557, at *3 (M.D. Fla. Feb. 16, 2021) (awarding fees to insured under Fla. Stat. § 627.428 for prevailing on duty to defend; fee motion not premature because insurer will have to refile its claim in a new lawsuit if necessary to determine coverage).

*USA, LLC*, 2022 WL 3353398, at *2; *see also Henry's Carpet & Interiors, Inc.*, 564 F. Supp. 3d at 1270 ("[A]ny dismissal in favor of the insured—even one without prejudice—constitutes a 'rendition of judgment in favor' of the insured for purposes of [§626.9373].").

In *Henry's,* the insurer filed a declaratory judgment action regarding its duty to defend and indemnify as to a pending underlying action against its insured. *Henry's Carpet & Interiors, Inc.*, 564 F. Supp. 3d at 1268-69. Henry's moved to stay the duty-to-indemnify issue as it was premature while the underlying action was pending. *Id.* Atain opposed the request. *Id.* After the underlying complaint was amended, Atain sought leave to amend its complaint to only seek a declaration on the duty to indemnify. *Id.* At the hearing on the Motion to Stay, Atain represented that it no longer opposed a stay of its duty-to-indemnify claim. *Id.* Because Atain no longer sought a declaration on the duty to defend, Henry's made an ore tenus motion to dismiss the entire case without prejudice. *Id.* The court did not rule on the motion and issued an order: (1) staying the case, (2) giving Atain leave to file its amended complaint, and (3) requiring Atain to tell the court whether it opposed the ore tenus motion to dismiss. *Id.* Atain filed its Amended Complaint and then gave notice that it did not oppose the motion to dismiss. The action was dismissed. *Id.* Henry's then filed a Motion for Fees pursuant to Fla. Stat. § 626.9373. *Id.* Atain opposed the motion arguing that Henry's did not "prevail," for many reasons, including that Atain acquiesced to the motion to dismiss and thus voluntarily dismissed the action. *Id.* The Southern District of Florida rejected Atain's arguments and awarded fees. *Id.* At 1270. The court held that the entry of "*any* dismissal in favor of the insured—even a voluntary dismissal without prejudice—constitutes a 'rendition of judgment' in favor of the insured for purposes of the Florida statute. *Id.* (emphasis in original); *see also S.-Owners Ins. Co. v. Marquez,* No. 20-81431-CIV, 2022 WL 2651661, at *6 (S.D. Fla. July 8, 2022) (approving of the holding in *Henry's* stating that "[t]he entry of *any* dismissal order—

including dismissal without prejudice—satisfies the 'judgment or decree' requirement" of the fee shifting statute.). Thus, *Henry's* established that whether the action is voluntarily dismissed or dismissed pursuant to a motion to dismiss is irrelevant to the inquiry of whether fees are awarded to an Insured. Importantly, at the time *Henry's* was dismissed, Atain was only seeking a declaration on the duty to indemnify as to an underlying lawsuit which was still pending and unresolved. Thus, the court did not award fees based on a benefit conferred to Henry's. Accordingly, pursuant to the Southern District of Florida, Century's voluntary dismissal constitutes a rendition of judgment in favor of All American.

Courts also award fees if a benefit was conferred to the insured based on dismissal of the declaratory judgment action. *See O'Malley v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1163 (Fla. 4th DCA 2004); *State Farm Mut. Auto Ins. Co. v. Coker*, 505 Fed. App'x. 824 at n.1 (11th Cir. 2013) (approving of *O'Malley* and indicating that by dismissing the declaratory judgment action, the insurer provided exactly what it was contending the insured was not entitled to, which is the functional equivalent to a concession on the insurer's duty to defend). In *O'Malley*, the insurer filed a declaratory relief action as to its duty to defend and indemnify its insured in an underlying pending action. *Id.* at 1164. At the time the insurer filed the declaratory action it was providing a defense under reservation of rights. *Id.* While the declaratory action was pending, the injured claimant obtained a low jury verdict in the tort action, which was less than an offer of judgment. *Id.* The insurer then resolved the tort action by agreeing to give up its right to collect attorney's fees against the claimant under the offer of judgment statute in exchange for the claimant agreeing to give up its right to appeal and collect the verdict. *Id.* In sum, no indemnity was paid. *Id.* The insurer then voluntarily dismissed the declaratory judgment action and O'Malley moved for fees and costs under section 627.428 asserting that dismissal made the insured the prevailing party

under the statute. *Id.* The trial court denied the relief and the Fourth District Court of Appeal reversed. *Id.* The court held that the insurer's dismissal of the declaratory judgment action conferred a benefit on the insured in the form of defense work. If the insurer had obtained a judgment in the declaratory action, the insured would have been responsible for furnishing her own defense. *Id.* Because the insurer provided a defense—the very relief it opposed in its declaratory action—it was the 'functional equivalent of a confession of judgment or verdict in favor of the insured.'" *Id.* (quoting *Wollard v. Lloyd's & Companies of Lloyds*, 439 So. 2d 217, 218 (Fla. 1983). Here, like the insurer in *O'Malley*, Century filed a declaratory judgment action as to its duty to defend and indemnify All American for the Underlying Claim. At the time the insurer filed the declaratory action it was providing a defense under reservation of rights. Also like the insurer in *O'Malley*, Century asserted in its Complaint that All American was not entitled to a defense under the policy.[5] Finally, like the insurer in *O'Malley*, Century voluntarily dismissed its request for declaratory relief as to its duty to defend. The abandonment of that request and subsequent dismissal of the action conferred a benefit on All American in the form of defense work.[6] (emphasis added). If Century had obtained a judgment in the declaratory action, All American would have been responsible for furnishing its own defense. This outcome was the functional equivalent of a confession of judgment or verdict in favor of All American. *See Ivey v. Allstate Ins. Co.*, 774 So. 2d 697 684 (Fla. 2000) ("Florida law is clear that in 'any dispute' which

---

[5] Century's reservation of rights letter indicated it would provide a defense to All American by noting that "Century has retained counsel to investigate this matter on behalf of All American. To date, we understand that no lawsuit has been filed, but the claimant does have an attorney." Ex. A.

[6] Pursuant to the Southern District of Florida Local Rule 7.3(b), the undersigned conferred in good faith with Century prior to the filing of this motion. On November 8, 2022, Century responded outlining its objections to this motion. *See* Century's Written Fee Objections Letter, attached as Exhibit B. In its letter, Century reiterated that "Century issued a reservation of rights before suit was filed and *has never denied a defense to All American*." *Id.* (emphasis added). Century confirmed it has not denied a defense to All American.

leads to judgment again the insurer and in favor of the insured, attorney's fees shall be awarded to the insured."); *see also Rodrigues v. Gov't Employees Ins. Co.*, 80 So. 3d 1042, 1044 (Fla. 4th DCA 2011) (the fee-shifting statute is not dependent on a prevailing party standard because an insured "merely need[s] to obtain a judgment in his favor in order to be entitled to an award of attorneys' fees.").

Consistent with *O'Malley*, Florida Statute Section 626.9373 also "permits an award of attorneys' fees not only when there is a judgment entered against the insurer but also when the insurer 'decline[s] to defend its position,' resulting in the 'functional equivalent of a confession of judgment or a verdict in favor of the insured.'" *State Farm Mut. Auto. Ins. Co. v. Coker*, 505 F. App'x 824, 826 (11th Cir. 2013) (applying Florida law) (quoting *Wollard*, 439 So. 2d at 218). In such circumstances, the courts in the declaratory action have held the insured entitled to an award of attorney's fees against the insurer, because the insured obtained a benefit to which the insurer had contended, in the declaratory action, the insured was not entitled, treating it as a "confession of judgment" by the insurer. *See*, *e.g.*, *Unterlack v. Westport Ins. Co*., 901 So. 2d 387 (Fla. 4th DCA 2005); *Coppola v. Federated Nat'l Ins. Co*., 939 So. 2d 1171 (Fla. 4th DCA 2006); *Canal Ins. Co. v. SP Transp., Inc*., 272 Fed. App'x. 825 (11th Cir. 2008). Here, Century's abandonment of its declaration as to the duty to defend constitutes a confession of judgment as it declined to defend its position and agreed to defend the Insured in the Underlying Claim. *See Berkley Assurance Co. v. Corredor, Husseini & Snedaker*, P.A., No. 17-22106-CIV, 2018 WL 4777571, at *3 (S.D. Fla. July 13, 2018), report and recommendation adopted, No. 17-22106-CIV, 2018 WL 4776086 (S.D. Fla. Aug. 8, 2018) ("to establish grounds for a statutory fee award in favor of the insured, there needs to be … evidence that the insurer abandoned its declaratory judgment coverage dispute by defending the insured in the underlying action.").

Century's voluntary dismissal rendered All American the prevailing party for purposes of Fla. Stat. § 626.9373. All American was forced to defend and prepare against a declaratory judgment action for nearly 10 months. Even though the case did not advance significantly during those months, All American prepared a response to the Complaint, analyzed the coverage issues, prepared discovery and a strategy in light of the importance of this wrongful death claim.

## CALCULATION OF ATTORNEY'S FEES

### A.      *Determination of the Lodestar*

Florida has adopted the federal lodestar approach as the starting point in calculating an award of attorney's fees.[7] *Bell v. U.S.B. Acquisition Co., Inc.*, 734 So. 2d 403, 406-07 (Fla. 1999) (discussing *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985)). This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence "supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar method requires the court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended. *See, e.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005). The criteria set forth in *Johnson v. Georgia Highway Express, Inc.*[8] should be

---

[7] In determining the amount of attorney's fees to be awarded, this Court must apply the substantive law of Florida construing Florida Statute § 626.9373 and/or § 627.428. *Zoned v. Int'l Paper Co.*, No. 3:98-CV-439-J-20B, 2000 WL 1763843, *1 (M.D. Fla. July 20, 2000); *FIGA v. R.V.M.P. Corp.*, 681 F. Supp. 806, 807 (S.D. Fla. 1988).

[8] The 12 *Johnson* factors are as follows:

      (1) the time and labor required;
      (2) the novelty and difficulty of the questions;
      (3) the skill requisite to perform the legal service properly;
      (4) the preclusion of other employment;
      (5) the customary fee;
      (6) whether the fee is fixed or contingent;

utilized in determining reasonable attorney's fees. With "[t]he going rate in the community [being] the most critical factor in setting the fee rate." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-cv-1445, 2012 WL 695670, at *5 (M.D. Fla. Feb. 14, 2012) (citing *Martin v. Univ. of S. Ala.,* 911 F.2d 604, 610 (11th Cir. 1990)). The Court should then determine, by examining the factors laid out in *Johnson*, a reasonable hourly rate for each attorney claiming a fee, then multiply the rate by the hours each attorney reasonably spent in the litigation, the final aggregate of which is the lodestar amount. *Rowe*, 472 So. 2d at 1151. The resulting fee carries a "strong presumption" that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

### B.   *VPM's Hourly Rates are Reasonable*

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 897). Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Norman,* 836 F.2d at 1299.

To aid the Court in determining the hours reasonably expended in this litigation, All American provided redacted copies of the detailed time records of its counsel for this matter. *See* Exhibit C, All American Fee Records.[9] The time records for All American's counsel describe the

---

(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.* 488 F. 2d 714, 717-19 (5th Cir. 1974).

[9] A redacted version of Ver Ploeg & Marino, P.A.'s time records is attached as Exhibit C. The unredacted time records will be submitted to the Court *in camera* upon its request as the insurer sought dismissal without prejudice.

tasks undertaken by its counsel and are broken down by billing lawyer and hourly rates. *See R.V.M.P. Corp.,* 681 F. Supp. at 808 (holding that the Florida Supreme Court requires the moving party to submit accurate time records).  A copy of the fee agreement between All American and Ver Ploeg & Marino, P.A. is attached as Exhibit D.

Ver Ploeg & Marino, P.A. ("VPM") is a Miami-based law firm that specializes almost exclusively in insurance disputes. Attorney Arya Li is a partner at VPM.  She has fourteen years of litigation experience, the majority of which has been devoted to insurance-related disputes.[10] Since the initiation of this matter, Mrs. Li has been involved as the primary decision-maker and strategist. Mrs. Li has been involved in all aspects of this coverage case, including communications with All American's counsel and drafting of substantive motions. Mrs. Li charged an hourly rate of $450.00. Century does not object to Mrs. Li's hourly rate.

Attorney Taynah Diniz-Alves is an associate at VPM with over one year and a half of litigation experience. Ms. Diniz-Alves has been employed with VPM since 2020 where she began as a law clerk until she became an associate attorney in 2021. She has focused exclusively on insurance disputes primarily in federal court. Ms. Diniz-Alves performed legal research, prepared the initial draft of motions, and communicated with the client, underlying counsel, and the insurer's counsel. Ms. Diniz-Alves charged an hourly rate of $325.00. Century does not object to Ms. Diniz-Alves' hourly rate.

Paralegal Monica C. Garcia is a Florida registered paralegal who has over twelve years of experience in the legal field. She has been with VPM since 2015. Mrs. Garcia managed and

---

[10] Mrs. Li has been named as a Top Up and Comer Under 40 by the South Florida Legal Guide, On the Rise Honoree by the Daily Business Review, Rising Star by SuperLawyers, 40 Under 40 Outstanding Lawyers in South Florida by the Cystic Fibrosis Foundation, and as a "Woman on the Rise" by the Dade County Bar Association.

organized all documents related to the case, assisted with the preparation of discovery documents, and prepared exhibits.[11] Mrs. Garcia charged an hourly rate of $230.00[12] in 2022.

The hourly rates charged by VPM are reasonable. A reasonable rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Norman*, 836 F.2d at 1299. In determining the prevailing market rate, the Court should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Crespo Rivero v. Carolina Godoy*, No. 18-23087-CIV, 2019 WL 1178472, at *3 (S.D. Fla. Feb. 26, 2019) (citing *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996)). "The court ... is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees." *Id.* A court in this district found that the paralegal rate of $230.00 for Monica Garcia (the same paralegal working on this matter) was reasonable. *See* Exhibit E *Cornfeld v. Certain Underwriters at Lloyd's*, et al, No. 19-60626-CIV [D.E. 50] (S.D. Fla. February 7, 2020), *report and recommendation adopted* [D.E. 54]. The court found that these rates were within the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation, and awarded the same rates. *Id*.

---

[11] Reasonable attorney's fees under Florida law also include compensation for paralegals and law clerks. *See Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 832 n.4 (Fla. 1990) (*citing Missouri v. Jenkins*, 491 U.S. 274, 109 S. Ct. 2463 (1989)).

[12] During VPM's review of invoices it discovered that three entries by MCG were inadvertently billed at her 2021 hourly rate of $240. The retainer, however, provided that the paralegal would bill at her 2020 hourly rate of $230. MCG's hourly rate has been changed to reflect her 2020 rate of $230. The change in MCG's hourly rate is reflected here and All American has received an $11 credit towards any outstanding amounts owed.

The rates charged in this matter are standard for the Miami and South Florida area. *See* Exhibit F, *Rodriguez v. Citizens Prop. Ins. Corp.*, Case No: 17-024620-CA-01 (finding reasonable in a first party property insurance matter, $675.00 as the hourly rate for Partner, Leonardo Da Silva, who has twelve years of experience); *Parrot, Inc. v. Nicestuff Distrib. Int'l*, No. 06-61231-CIV, 2010 WL 680948, at *12 (S.D. Fla. Feb. 24, 2010) (finding reasonable hourly rates in the Miami market for 2009 – thirteen years ago – as follows: $500 for a partner; $335 for a sixth-year associate, and $270 for a fourth-year associate); *Kerry Roth v. GEICO Gen. Ins. Co.*, No. 0:16-cv-62942-WPD [D.E. 328] (S.D. Fla. Nov. 13, 2019) (awarding $750 for a partner); *D'Agostino v. Keitel*, No. 18-CV-80460-WPD [D.E. 75] (S.D. Fla. Sep. 27, 2019), attached as Exhibit G (finding the hourly rate of $450 to be reasonable for Partner, Mr. Silver, who had twelve years of experience at the time the Order was issued.); *Deary v. Norman*, No. 50-2017CA012768, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, attached as Exhibit H (awarding seven-year attorney, Alana Weatherstone, $500 per hour).

In *Roth v. GEICO Gen. Ins. Co.*, the court recently found the following hourly rates to be reasonable: $750 for partners Bradley Pratt, Charles Clay, Christopher Lynch, Edmund Normand, Chris Hall and Andrew Lampros; $475 for a four-year associate, Gordon Van Remmen; $425 for a four-year associate, Jacob Phillips; and $390 for a three-year associate, Brian Mickelsen. *See* Comp. Exhibit I.  The fee expert in Roth, Robert Josephsberg, testified that the range of rates charged by attorneys for complex litigation is $400 to $1200 per hour. *Id.* The court found that the range of rates cited by Mr. Josephsberg were consistent with its experience in federal court in this Circuit. *Id.* The hourly rates requested by All American's counsel are within the range of rates discussed in Roth, and many of the rates are even lower than the rates ultimately awarded to the attorneys and paralegals in Roth.

Courts also routinely consider an attorney's experience, professionalism, and zealous advocacy as weighing heavily in factoring in a reasonable fee. *See Centex-Rooney Constr. Co., Inc. v. Martin Cnty.*, 725 So. 2d 1255, 1258-59 (Fla. 4th DCA 1999); *Norman*, 836 F.2d at 1300; *Manshum Enters., Inc. v. Nat'l Bus. Info. Corp.*, No. 606CV533-ORL-28JGG, 2006 WL 2406563, at *3 (M.D. Fla. Aug. 18, 2006). VPM is, according to others, a leader in insurance coverage and bad faith litigation with a national reputation. Both the firm and its lawyers are regularly recognized for their skill, expertise, and diligence. VPM has been listed in Florida Trend's Legal Elite, Best Lawyers, and U.S. News' Best Law Firms.[13]

Florida courts maintain that actual payment of the attorney's fees is a prima facie showing that the fees are reasonable. An attorney's fees are reasonable if "they were fees that commercial parties would have incurred and paid knowing that they had to cover the outlay themselves." *Venture Investment Properties, LLC v. Scottsdale Ins. Co.*, 2017 WL 3822101, at *12 (M.D. Fla. August 8, 2018), *report and recommendation adopted*, 2017 WL 3732006 (M.D. Fla. Aug. 30, 2017) (reviewing appraiser expenses under a reasonableness standard).  All American is VPM's hourly client and has agreed to and paid for the legal services rendered through September 2022, which shows VPM fees are presumptively reasonable.[14]

VPM is dedicated exclusively to insurance law, and All American specifically selected VPM for its expertise and reputation. For the reasons set forth above, the Court should find VPM's hourly rates are reasonable.

The hours claimed, together with current rates, are as follows[15]:

---

[13] VPM is formerly known as Ver Ploeg & Lumpkin.

[14] VPM's invoice for work performed in October was recently sent to All American.

[15] "[A]ttorney's fees may properly be awarded under section [§ 626.9373] for litigating the issue of entitlement to attorney's fees." *See State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993); *Zunde*, 2000 WL 1763843, at *4. Therefore, because courts have determined that §

| | Hours | Rate | Amount |
|---|---|---|---|
| **Attorneys:** | | | |
| Arya A. Li | 33.80 | $450.00 | $15,210.00 |
| Taynah Diniz-Alves | 52.00 | $325.00 | $16,900.00 |
| **Total for Attorneys:** | **85.80** | | **$32,110.00** |
| | | | |
| **Paralegals:** | | | |
| Monica C. Garcia | 7.70 | $230.00 | $1,771.00 |
| **Total for Paralegals:** | **7.70** | | **$1,771.00** |
| **TOTAL FEES** | **93.50** | | **$33,881.00** |

### C.   *The Hours Reasonably Expended*

The next step in the computation of the lodestar is ascertaining reasonable hours. *Norman*,

836 F.2d at 1301 (citing *Hensley,* 461 U.S. at 433).  To determine the number of hours reasonably

expended, the Court should first look to "accurate records kept by counsel," *Aperm of Fla., Inc. v.

Trans-Coastal Maint. Co*., 505 So. 2d 459, 463 (Fla. 4th DCA 1987), detailing "the dates, amount,

and specific services provided." *Nibblelink v. Wells Fargo Bank, N.A. (In re Nibblelink)*, 403 B.R.

113, 122 (Bankr. M.D. Fla. 2009).  Once provided, "the opponent of the fee has the burden of

pointing out with specificity" which hours, if any, should be deducted. *Centex-Rooney*, 725 So.

2d at 1259. Excessive, redundant or otherwise unnecessary hours should be excluded from the

amount claimed. *Norman*, 836 F.2d at 1301. The verifications in support of this Motion attest that

the raw time records were reviewed, and improper time was removed, including time expended by

individuals only tangentially involved with the litigation.

All American's detailed time records, attached as Exhibit A, describe the tasks undertaken

by All American's counsel and are broken down by billing lawyer. These entries were recorded

contemporaneously with the work performed, were regularly monitored for accuracy, and have

been vetted to remove redundant entries and purely administrative work. *See id.; see also Norman,*

627.428 is nearly identical to § 626.9373, All American reserves the right to include and request
additional time spent litigating its entitlement to attorney's fees.

836 F.2d at 1301 ("excessive, redundant or otherwise unnecessary hours should be excluded from those claimed") (internal quotations omitted).

For nearly 10 months, All American was forced to provide a defense in response to Century's declaratory judgment action. The importance of this coverage lawsuit to All American cannot be overstated—All American runs the risk of being sued for millions of dollars in a wrongful death lawsuit. Against this backdrop, the 93.50 hours spent were reasonable because VPM obtained and reviewed documents, analyzed the policy, formulated case strategy, drafted an answer and affirmative defenses, prepared discovery, performed legal research on the applicability of the Tire exclusion, drafted a motion to dismiss, advised the client as to the risks associated with the lawsuit, actively communicated with underlying counsel and insurer's counsel, and researched and prepared a motion for fees. The work was performed because All American was sued and was preparing its defense. A majority of the time was incurred as a result of this fee motion, which the undersigned conferred on numerous occasions to avoid the necessity of filing.

Given the safeguards and billing judgment employed, the Court should consider VPM's records as *prima facie* evidence of the time reasonably required to defend All American in this action. *Nitram, Inc. v. Indus. Risk Insurers*, 154 F.R.D. 274, 277 (M.D. Fla. 1994) ("This Court holds that an attorney requesting fees and costs does not have to file such a request with minute specificity.  So long as the time entries for billing do not offend the court as being unnecessarily vague and ambiguous as to be deemed unconscionable, the requested fee award will be deemed reasonable.

Lastly, Section 626.9373 allows for fee awards that were reasonably incurred in drafting motions or pleadings that are never filed. *See Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1268 (M.D. Fla. 2010) (rejecting insurer's argument that insured should not be reimbursed for fees

incurred in the drafting of a joint motion that never ended up being filed with the court because the argument was devoid of legal support). The time VPM spent in drafting an answer and affirmative defenses and a motion to dismiss were reasonable. All American's answer was never filed as this Court entered an order requiring All American and Mr. Formica's Estate to be served prior to filing combined responses to the complaint [D.E. 6]. Because Century never served Mr. Formica's Estate, All American could not file a combined answer. Mrs. Li also spent time drafting the motion to dismiss following a significant lapse of time given Century's premature filing of the lawsuit. The motion was not filed because Century chose to file a voluntary dismissal. The number of hours spent in drafting the answer and motion were reasonably incurred and should be reimbursed under Section 626.9373. All American also prepared discovery requests in hopes of efficiently advancing this case once all defendants were served. Since Century was unable to serve Mr. Formica's estate, the discovery requests never came to fruition.

The total number of hours expended in this case is 93.50 and the total fees incurred equal $33,881.00.[16] Accordingly, the time records accurately reflect the time that was reasonably expended in order to adequately represent All American's interests in this matter. All American therefore requests that this Court determine the lodestar amount to be $33,881.00.

## **CONCLUSION**

All American respectfully requests that this Court enter an Order determining that it is entitled to a lodestar amount of $33,881.00, to bear interest at the federal rate from the date of rendition of the order or supplemental judgment,[17] and any further relief that this Court deems equitable and proper.

---

[16] All American reserves its right to include additional fees incurred as to entitlement as a result of responding to Century's opposition and attending any hearings related to same.

[17] Under Florida law, interest on fee awards accrues from the date of entitlement pursuant to

Case No. 9:21-cv-81935-AMC

## **VERIFICATION**

BEFORE ME, the undersigned authority, personally appeared Arya Li who, being duly

sworn, deposes and states that he has read the foregoing Motion and the factual representations

contained therein are true and correct.

_____

**Arya Li**

WITNESS MY HAND AND SEAL in this County and State last before said this $22$ day

of November, 2022.

_____

NOTARY PUBLIC (Signature)

Merrie C. Surace
Comm.#HH102572
Expires: March 9, 2025
Bonded Thru Aaron Notary

_____

Print, Type or Stamp Commissioned
Name of Notary Public

Personally known __✓__ or Produced Identification ____

_____

*Quality Engineered Installation, Inc. v. Higley S., Inc.*, 670 So. 2d 929, 930-31 (Fla. 1996).

Case No. 9:21-cv-81935-AMC

## <u>CERTIFICATION OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and is authorized to represent that counsel for Century does not agree to the relief requested.

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Arya Li
**Stephen A. Marino, Jr.**
Florida Bar No. 79170
smarino@vpm-legal.com
**Arya Li**
Florida Bar No. 58847
ali@vpm-legal.com
jpacheco@vpm-legal.com
*Attorneys for Defendant*
*All American Lube of Boca, Inc. d/b/a All*
*American Auto Repair*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 22, 2022, on all counsel or parties of record on the Service List below.

/s/ Arya Li
**Arya Li**

Case No. 9:21-cv-81935-AMC

## <u>SERVICE LIST</u>

Lauren S. Curtis
Brandon R. Christian
Traub Lieberman Straus &
Shrewsberry LLP
First Central Tower
360 Central Avenue, Suite 1000
St. Petersburg, FL 33701
727-898-8100
727-895-4838 facsimile
lcurtis@tlsslaw.com
bchristian@tlsslaw.com
*Attorneys for Plaintiff*
*Century Surety Company*